UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYVEN JUSTICE,<br><br>        Plaintiff(s),<br><br>   v.<br><br>ICE KING ENTERPRISES LLC,<br><br>        Defendant(s). | No. C-14-01767 DMR<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER DIRECTING SERVICE ON DEFENDANT CORPORATION BY DELIVERY OF PROCESS TO SECRETARY OF STATE [DOCKET NO. 20]** |

Plaintiff Rayven Justice filed an ex parte application requesting the court issue an order permitting Plaintiff to serve Defendant Ice King Enterprises LLC d/b/a/ Ice King Music by delivering process to the California Secretary of State. [Docket No. 20.] Pursuant to Civil L.R. 7-1(b), this matter is suitable for immediate determination without hearing. For the reasons stated below, the application is **granted.**

## I. BACKGROUND

**A. Factual Allegations**

Plaintiff is a hip-hop musician. Defendant secures record distribution agreements with record labels for the musicians with whom it contracts. Compl. [Docket No. 1] at ¶¶ 6-7. Plaintiff and Defendant entered into a recording agreement in which Plaintiff agreed to provided music and Defendant agreed to attempt to secure a distribution contract for Plaintiff. Compl. at ¶ 8. On April 17, 2014, Plaintiff filed this lawsuit, bringing four causes of action against Defendant: (1) copyright

infringement, for allegedly selling and distributing Plaintiff's songs without Plaintiff's permission; (2) breach of contract, for Defendant's failure to compensate Plaintiff per the recording agreement; (3) declaratory judgment as to whether Plaintiff is still obligated under the recording agreement; and (4) violation of California Business and Professions Code § 17200.  Compl. at ¶¶ 34-57.

**B.  Attempt to Serve Process**

Defendant is a corporation existing under the laws of the California, with its principal place of business located in Richmond, California.  Bentaleb Decl. [Docket No. 20-7] Ex. A (Business Entity Detail from California Secretary of State showing Defendant's entity address as 218 35th Street in Richmond, and agent for service of process as Amir Rashad, at the same address).  Plaintiff's attorney has filed a declaration explaining how Plaintiff's professional process server has attempted to serve Defendant and its designated agent Amir Rashad with the Complaint and summons numerous times at multiple addresses without avail.  The declaration describes nine attempts to serve three different addresses for Defendant and its registered agent, and the mailing of copies of the Complaint and summons to one of these addresses:

> **218 35th Street in Richmond.**  The first attempt at service was made on April 23, 2014 at 218 35th Street in Richmond.  Service could not be effectuated at that address; the process server found the building abandoned.  Bentaleb Decl. at ¶ 7(a) and Ex. B (Affidavit of process server).
>
> **456 38th Street in Oakland.**  A search of public records revealed a home address for the registered agent: 456 38th Street in Oakland, California. On May 1, 2014, the process server attempted to serve Defendant at this address, but no one answered the door.  On May 2, 2014, the process server attempted to serve Defendant at this address, and spoke with an elderly man who stated that the registered agent did not live there.  Bentaleb Decl. at ¶ 7(b) and Ex. B.  On May 13, 2014, the process server attempted to serve Defendant and was able to speak with a woman who identified herself as Rashad's grandmother and stated that Rashad did not reside at that address and that she had not seen him in a long time. Bentaleb Decl. Ex. B.  On May 19, 2014, the process server again attempt to serve Defendant at this address, but no one answered the door.  On May 20, 2014, Rashad's grandmother answered the door.  The process server served her with a copy of the Complaint and summons.  However, she again stated that Rashad did not live at that address and that she had not seen him in a long time.  *Id.*
>
> **3048 Sacramento Street in Berkeley.**  Another residential address for Defendant's agent was found in Plaintiff's search of public records, at 3048 Sacramento Street in Berkeley, California.  Bentaleb Decl. at ¶ 7(c).  Service was attempted at this address on May 19 and May 20, 2014 without success.  *Id.* at Ex. B.  Both times there was no answer, no activity heard within, no mail inside the mailbox, and no response at a neighbor's door.  *Id.*
>
> **Mailing.**  On May 21, 2014, the process server mailed copies of the Complaint and summons to Defendant at the 456 38th Street address.  Bentaleb Decl. at ¶ 7(d) and Ex. B.

**524 E. 17th Street #14 in Oakland.** Plaintiff's attorney conducted another records search on July 23, 2014 and found a new address for Rashad at 524 E. 17th St. Apt 14 in Oakland. The process server attempted to serve Rashad at this address but was unsuccessful.

In addition, on May 9, 2014, counsel for Plaintiff sent an email to Defendant and attorney Tabetha Plummer, who had previously represented Defendant in contract negotiations with Plaintiff. Plaintiff requested that Defendant waive service. Plummer indicated that she was no longer representing Defendant. Defendant never replied to Plaintiff's counsel's email. Bentaleb Decl. at ¶ 8 and Ex. F.

Plaintiff avers that Defendant is aware of this litigation because Rashad sent emails to legal counsel for the company Urbanlinx on April 14 and 24, 2014, asserting that Defendant held the copyright to Plaintiff's music and requesting that Urbanlinx take down Plaintiff's music pursuant to the Digital Millennium Copyright Act. Motion at Ex. D (emails between Rashad, HotNewHipHop addresses, and Plaintiff's counsel). In these emails, counsel for Urbanlinx referred to this lawsuit. *Id.* ("We represent HotNewHipHop.com and understand that the [matters] you refer to are in the midst of litigation filed in the Oakland Division of the Northern District of California court (complaint attached). Can you please provide evidence to the contrary[?]"). Rashad also referenced the litigation. *Id.* ("We have a [sic] exclusive 5 album deal with [Plaintiff] and the litigation matter [sic] my company has not been served with this paper."). Plaintiff argues that this email demonstrates that Defendant is aware of this litigation and that Defendant is still conducting business activities.

## II. DISCUSSION

When a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, Federal Rule of Civil Procedure 4(e)(1) and Cal. Corp. Code § 1702(a) permit an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State. *See* Cal. Corp. Code § 1702(a) (court order appropriate if "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand"); Fed. R. Civ. P. 4(e)(1) (authorizing service in any manner permitted by state where

1  district court is located). Prior to seeking an order for service upon the Secretary of State, a plaintiff
2  must demonstrate that "the corporation cannot be served with the exercise of due diligence in any
3  other manner provided by law." *Verizon California Inc. v. OnlineNIC Inc.*, No. C 08-2832 JF(RS),
4  2008 WL 4848881 at *3 (N.D. Cal. Nov. 7, 2008) (granting ex parte application for service by
5  delivery to Secretary of State) (quoting *Batte v. Bandy,* 165 Cal. App. 2d 527, 535 (1958)).

6      California law authorizes two forms of service upon a defendant corporation that are
7  applicable here: (a) service upon the person designated as agent for service of process; (b) service on
8  "the president, chief executive officer, or other head of the corporation, a vice president, a secretary
9  or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a
10 general manager, or a person authorized by the corporation to receive service of process" Cal. Civ.
11 Proc. Code § 416.10(a)-(b).

12     Here, Plaintiff has been diligent in his attempts to serve Defendant. Plaintiff made multiple
13 attempts to locate and serve Defendant or its agent for service of process at different addresses and
14 through different methods. It appears that Defendant has not updated its registration records with
15 the California Secretary of State, as its current address is in an abandoned building. Accordingly,
16 the court concludes that service upon Defendant may be made through service upon the California
17 Secretary of State. Plaintiff's motion is **granted**. In the interest of caution, Plaintiff shall also
18 simultaneously email Defendant a copy of the Complaint, summons, and any orders in this case
19 (including this one) at Defendant's last known email address.

22     IT IS SO ORDERED.

24 Dated: September 18, 2014



DONNA M. RYU
United States Magistrate Judge